*In re* ENMIENDA AL REGLAMENTO NOTARIAL DE PUERTO RICO.

*Número:* ER-99-02          *Resuelto:* 12 de marzo de 1999

## RESOLUCIÓN

En virtud de la facultad conferida por el Art. 61 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987 (4 L.P.R.A. sec. 2101), de aprobar reglamentación para hacer viable la ejecución de la referida ley y complementar sus disposiciones, y al amparo de nuestro poder inherente para regular la admisión y el ejercicio del notariado, el 14 de julio de 1995 aprobamos el Reglamento Notarial de Puerto Rico.

Atendiendo las recomendaciones de la Oficina de Inspección de Notarías, conscientes de las dificultades por las que atraviesan muchos notarios de Puerto Rico tras el paso del reciente Huracán Georges, se enmienda dicho Reglamento para incluir la Regla 58A, la cual dispone un procedimiento de Reconstrucción de Protocolos y Registro de Testimonios, y se hace formar parte de esta Resolución.

*Regístrese y publíquese.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

**Regla 58A. Reconstrucción de Protocolos y Registro de Testimonios**

La reconstrucción de Protocolos destruidos, deteriorados o desaparecidos total o parcialmente se ajustará a las reglas siguientes:

(1) En caso de destruirse o desaparecer en todo o en parte un Protocolo o Registro de Testimonio, el notario inmediatamente dará cuenta por escrito al Juez Presidente del Tribunal Supremo con copia a la Oficina de Inspección de Notarías y levantará un Acta Notarial para informar la gravedad de los daños y sus causas.

(2) El Juez Presidente, a través de la Oficina del (de la) Director(a) de la Oficina Inspección de Notarías, ordenará la reconstrucción de los Protocolos destruidos o perdidos a expensas del notario, ex notario o su respectiva fianza notarial.

(3) El notario procurará diligentemente reponer en lo posible lo inutilizado, destruido o perdido.

(4) Citará a las partes interesadas en cada documento para investigar si poseen copias certificadas, copias simples o cualquier otro documento que se relacione con ellos. Investigará en los Registros de la Propiedad, en las oficinas de otros notarios o en cualquier otro lugar que estime pertinente.

(5) Con las copias y cualquier otro documento obtenido, redactará un documento en sustitución del original destruido o perdido, siempre y cuando los comparecientes de éste firmen dicho documento. Disponiéndose, que aquellos notarios que tengan en su oficina los medios modernos para digitalizar las escrituras una vez autorizadas, podrán reproducir las escrituras extraviadas del archivo original y convertirlas en original, obteniendo las firmas e iniciales de los otorgantes y la firma, sello, signo y rúbrica del notario.

(6) De no ser posible la obtención de las firmas de los otorgantes, se utilizarán en sustitución del original destruido las copias certificadas o la reproducción en papel de la escritura digitalizada debidamente legalizada por el (la) Director(a) de la Oficina de Inspección de Notarías. Dicha legalización se realizará cotejando el signo, firma y rúbrica del notario, utilizando para ello otros Protocolos del notario. El (la) Director(a) de la Oficina de Inspección de Notarías extenderá una certificación al dorso de la copia certificada del documento, expresando que se hace para los efectos de protocolización en sustitución del original.

(7) Agotados todos los medios para la reconstrucción total de los Protocolos, el notario procederá entonces a la entrega del expediente al (a la) Director(a) de la Oficina de Inspección de Notarías para su examen final y recomendaciones al Tribunal Supremo. Si las gestiones para reconstruir han resultado infructuosas, procederá el notario a desglosar en un Acta Notarial todas las gestiones realizadas, acompañada de documentos fehacientes, y que a pesar de éstas no ha sido posible la reconstrucción. El Juez Presidente del Tribunal Supremo, por conducto de la Oficina de Inspección de Notarías, autorizará al notario a proceder conforme a lo dispuesto en el inciso (9).

(8) De aprobar el Tribunal Supremo el expediente y ordenar su encuadernación, procederá el notario a encuadernar los documentos que han de sustituir a los originales destruidos y los demás documentos del expediente.

(9) De faltar algún documento público de numeración intermedia, se colocará en sustitución de los que falten una hoja en la que se hará constar que los números intermedios desaparecieron o se inutilizaron. La hoja se colocará en el lugar correspondiente al número o números inutilizados y podrá emplearse una sola hoja para varios números o instrumentos de numeración sucesiva.

(10) En cuanto a los derechos arancelarios, se establece que si el Protocolo destruido o desaparecido no había sido aprobado, vendrá obligado el notario a cancelar en el documento que sustituyó al original las estampillas establecidas por ley, a sus expensas, conforme a lo dispuesto en el Art. 48 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2072. En el supuesto de Protocolos previamente aprobados, se limitará el notario a seguir el inciso (7) anterior. El Tribunal Supremo, mediante resolución, determinará a su discreción si exime o no al notario de cancelar las estampillas establecidas por ley.

(11) Estas normas son igualmente aplicables a la reconstrucción de los Registros de Testimonios en todo lo que no sea lógicamente inaplicable.

(12) Igual procedimiento deberán seguir los Archiveros Notariales cuando resulten destruidos, deteriorados o desaparecidos en todo o en parte los Protocolos que estén bajo su custodia.